RAFAEL J. FORNARIS, demandante y recurrente, *v.* VÍCTOR M. JUSTICIA MARTÍNEZ, co-demandado y recurrido.

*Número:* R-74-35          *Resuelto:* 30 de abril de 1975

*O'Neill & Borges* y *Raúl E. González Díaz,* abogados del recurrente; *José Antonio Luiña,* abogado del recurrido.

PER CURIAM: Andrés Justicia y su esposa Francisca Vázquez constituyeron hipoteca sobre un inmueble sito en el 1154 de la Avenida Magdalena para garantizar seis pagarés por $10,000.00 cada uno y sus intereses. En la escritura de constitución de hipoteca otorgada el 22 de mayo de 1961 se describió el inmueble así:

"Además en este solar enclava otro edificio de concreto, de dos plantas con una cabida de mil cien pies cuadrados, con un frente de cuarenta y ocho pies con diez pulgadas y un fondo de diez y nueve pies diez pulgadas. Inscrita al folio 30 del tomo 157 de Santurce, Norte, finca número 1434 inscripción 19a."

En un documento preparado por el Sr. Andrés Justicia a la fecha en que hacía las gestiones para levantar los $60,000.00

y. el cual contenía información sobre el inmueble que se daba en garantía, se describió el inmueble así:

"Detrás de la residencia descrita, tomando todo el fondo del solar está enclavado un edificio de dos plantas, todo de concreto reforzado, con zapatas para soportar dos plantas más, cuyo valor mínimo actual es de $42,000.00, estructura completamente moderna."

En el año 1970 se radica acción ordinaria para ejecutar la hipoteca. Uno de los demandados que vino a ser condueño del inmueble hipotecado por herencia de su señora madre, al contestar reconvino por la suma de $45,000.00, valor que alega corresponde a unas mejoras llevadas a cabo por él en el inmueble hipotecado. Los demás codemandados no formularon alegación alguna contra la demanda.

El Tribunal Superior, Sala de San Juan, Espinosa, J. dictó sentencia declarando con lugar la demanda, pero se reservó para consideración posterior la reconvención interpuesta por el co-demandado Víctor M. Justicia. Se celebró una vista para conocer de esta reconvención y al resolverla expresó:

"Mediante sentencias dictadas el día 13 de diciembre de 1972 y 16 de diciembre de 1973, el Tribunal dispuso de las reclamaciones de la parte demandante.

Quedó pendiente de resolver la reconvención del co-demandado Víctor Manuel Justicia. La vista para oír la prueba sobre la reconvención se celebró el día 18 de septiembre de 1973 y el Tribunal concedió a las partes término para radicar memorando, cosa que hicieron finalmente.

La prueba del co-demandado consistió en su propio testimonio, el de su sobrina y el de una persona que trabajó como carpintero en la propiedad.

El señor Justicia sostuvo que había invertido más de $45,000.00 en los trabajos de la propiedad, pero no presentó facturas, ni cuentas, ni cheques, ni ningún otro documento para sotener sus alegaciones. En una inspección ocular que practicáramos en la propiedad, tuvimos la oportunidad de ver los trabajos realizados de acuerdo con las alegaciones del señor Justicia.

Como el señor Justicia no nos ha puesto en condiciones de estimar el verdadero valor de las obras y considerando por otro lado que se llevaron efectivamente a cabo algunas de las obras, estimamos que el valor razonable de las mismas es de $20,000.00 y que el señor Justicia pagó por las mismas.

Visto lo anterior, el Tribunal determina que al venderse en subasta pública la propiedad hipotecada para responder a la parte demandante de su sentencia, se incluye como parte del precio mínimo de venta en la subasta en adición a las sumas adeudadas a la parte demandante, la suma de $20,000.00, la cual correspondería al co-demandado, señor Víctor M. Justicia."

Acordamos revisar.

La única cuestión que se plantea por el reconvencionista, según surge de los autos originales, (¹) ya que no radicó alegato ante este Tribunal, es que las alegadas mejoras llevadas a cabo en el inmueble consisten en la construcción de un nuevo edificio. Y tiene necesariamente que ser ésa su posición para poder prevalecer pues el Art. 111 de la Ley Hipotecaria 30 L.P.R.A. sec. 207, dispone:

"Conforme a lo dispuesto en la sección anterior, se entenderán hipotecados juntamente con la finca, aunque no se mencionen en el contrato, siempre que correspondan al propietario:

1.     .     .     .     .     .     .     .     .

2. Las mejoras que consistan en nuevas plantaciones, obras de riego o desague, obras de reparación, seguridad, transformación, comodidad, adorno o elevación de los edificios, y cualesquiera otras semejantes que no consistan en agregación de terrenos, *excepto por accesión natural, o en nueva construcción de edificios donde antes no los hubiere.*" (Énfasis suplido.)

En el presente caso, aparte de lo expresado por el juez sentenciador al efecto de que "el señor Justicia no nos ha puesto en condiciones de estimar el verdadero valor de las obras. . . .", tampoco la prueba presentada demuestra que el

---

(¹) En el alegato radicado en el Tribunal Superior el demandado reconvencionista hace constar "que en el presente caso no está envuelto problema alguno de tercer poseedor y lo que se diga a ese respecto es inoficioso."

señor Justicia hubiera construido una nueva edificación en el solar hipotecado. Las descripciones de la finca antes transcritas, tanto la que aparece en la escritura de constitución de hipoteca como la que preparó el Sr. Andrés Justicia, demuestran que ya existía la estructura en el solar y de la propia declaración de Víctor M. Justicia surge que en esa estructura fue que él hizo las mejoras que reclama. El Sr. Justicia no presentó los permisos de construcción de la Junta de Planificación, ni las pólizas del Fondo del Seguro del Estado, ni ningún otro documento que demuestre que ha construido un nuevo edificio en el solar. Es interesante apuntar que a la pregunta de su abogado "En esas mejoras, se expidió permiso de la Junta de Planificación?", el señor Justicia contesta "no porque eran mejoras interiores".

De todo lo anterior es evidente que el Tribunal Superior erró al declarar con lugar la reconvención, pues la prueba no estableció que se hubiera construido un nuevo edificio.

*Se revocará la sentencia que declaró con lugar la reconvención.*